IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| BEZA TAMRAT KEBEDE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:26-cv-01112-AJT-WEF |
| JEFFREY CRAWFORD, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Before the Court is Beza Tamrat Kebede's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"), filed on April 24, 2026. [Doc. No. 1]. By order dated April 29, 2026, the Court ordered the Government to respond to the Petition within five days, [Doc. No. 3], and Respondents timely submitted that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Montezano Martinez v. Perry*, 1:25-cv-2274-AJT-IDD, Doc. No. 22 (E.D. Va. Feb. 6, 2026), or the other opinions of this Court cited therein. [Doc. No. 5].

Petitioner is a citizen of Ethiopia, who was admitted to the United States on or about May 15, 2004, on a diversity visa and on the same date adjusted his status to that of lawful permanent resident. [Doc. No. 5-1] ¶¶ 5-6. On June 22, 2010, after serving a criminal sentence in Virginia, Petitioner was arrested outside his prison by immigration officials and charged with removability from the United States under 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien who at any time after admission have been convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(G), a law relating to a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment at least one year was imposed, and 8 U.S.C. § 1227(a)(2)(A)(ii), as an

alien who at any time after admission, have been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal conduct. *Id.* ¶¶ 11-12. On May 31, 2011, an Immigration Judge ordered Petitioner's removal from the United States but granted him withholding of removal to Ethiopia under 8 U.S.C. § 1231(b)(3). *Id.* ¶ 13. On August 31, 2011, Petitioner was released from ICE custody. *Id.* ¶ 17. On September 10, 2025, Petitioner was arrested by immigration officials; he was eventually served with a Form I-229a, Warning for Failure to Depart, and taken to the Farmville Detention Center, where he remains. *Id.* ¶¶ 3, 29-30. Although Respondents contend that "ICE is actively working with DHS and the Department of State on Petitioner's removal to a third country" (*Id.* ¶ 34), they concede that they have made four requests since 2011 for other countries to accept Petitioner, none of which have been accepted. *Id.* ¶¶ 15, 31.

In light of the foregoing, the Court determines, as it did in *Montezano Martinez*, that Petitioner has been detained pursuant to 8 U.S.C. § 1231(a)(6) for longer than the presumptively-reasonable six months, that he has made a prima facie showing (which Respondents have failed to rebut) that his removal is not reasonably foreseeable, and that he is therefore entitled to release under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Accordingly, the Petition is **GRANTED**, and it is hereby

**ORDERED** that Respondents immediately release Petitioner under his August 31, 2011 Order of Supervision pursuant to § 1231(a)(3); and it is further

**ORDERED** that Respondents and any of Respondents' officers, agents, servants, employees, and attorneys, as well as other person acting in concert, are **ENJOINED** from re-detaining Petitioner except upon a showing of sufficient changed circumstances with respect to

the prospects for removal to a qualifying consenting country;[1] and it is further

**ORDERED** that Respondents file a status report with this Court within three days stating whether Petitioner has been released and if not, why not.

The Clerk is directed to send copies of this Order to all counsel of record and to terminate the case.

Anthony J. Trenga
Senior United States District Judge

Alexandria, Virginia
May 5, 2026

---

[1] *See Doe v. Smith*, No. CV 18-11363-FDS, 2018 WL 4696748, at *9 (D. Mass. Oct. 1, 2018) (alien who had previously obtained *Zadvydas* relief could be re-detained due to changed circumstances rendering her removal significantly likely in the near future).